Kenneth W. DiGia
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211
Tel. No. (212) 351-4500
Fax No. (212) 878-8610
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VADIM M. SEALY,

Plaintiff,

- against -

THE HERTZ CORPORATION,

Defendant.

**ECF CASE**

08 CV 1634 (GBD) (AJP)

**DEFENDANT'S ANSWER**

Defendant The Hertz Corporation ("Defendant" or "Hertz"), answers Plaintiff Vadim Sealy's ("Plaintiff") Complaint as follows:

**Parties**

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by "all relevant times hereto" in Paragraph 3 of the Complaint and cannot respond to this allegation. Defendant admits, however, that during Plaintiff's employment he worked at its location at 310 East 48th Street.

## Venue and Jurisdiction

4. Paragraph 4 of the Complaint contains a description of this action that requires neither admission nor denial by Defendant, but to the extent said paragraph implies that Defendant violated any federal, state or city law or violated any duty owed to or now owing Plaintiff, said allegations are denied.

5. Paragraph 5 of the Complaint contains a statement regarding jurisdiction and venue that requires neither admission nor denial by Defendant, but to the extent said paragraph implies that Defendant violated any federal, state or city law or violated any duty owed to or now owing Plaintiff, said allegations are denied.

6. As for the allegations contained in Paragraph 6, Defendant admits only that Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on or about June 29, 2007.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7, so they are denied.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint, so they are denied.

## Nature of the Action

10. Paragraph 10 of the Complaint contains a description of the type of damages Plaintiff seeks and requires neither admission nor denial by Defendant, but to the extent said paragraph implies that Plaintiff is in any way entitled to any relief from Defendant, said allegations are denied.

## Background and Facts

11. Upon information and belief, Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. As for the allegations contained in Paragraph 17 of the Complaint, Defendant admits only that Duvally met with Plaintiff during his employment to discuss his role and performance, but denies all other allegations/implications contained in Paragraph 17.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. As for the allegations contained in Paragraph 19 of the Complaint, Defendant admits that Plaintiff's driving privileges were suspended in August of 1996, but denies all other allegations/implications contained in Paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint, so they are denied.

21. As for the allegations contained in Paragraph 21 of the Complaint, Defendant admits only that Plaintiff met with Carl Chernoff, then the Staff Vice President, Labor Relations & Employment Practices, and that as a result of that meeting, the suspension of driving privileges was amended and a written warning issued to Plaintiff, but denies all other allegations/implications contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. As for the allegations contained in Paragraph 24 of the Complaint, Defendant admits that in early 1998, Plaintiff was placed on final written warning and probation and that Defendant provided a written memorandum to Plaintiff outlining his performance problems, but denies all other allegations/implications contained in Paragraph 24.

25. As for the allegations contained in Paragraph 25 of the Complaint, Defendant admits only that Plaintiff sent Chernoff a letter that complained about the memorandum that Duvally gave him and that the letter speaks for itself, but denies all other allegations/implications contained in Paragraph 25.

26. As for the allegations contained in Paragraph 26 of the Complaint, Defendant admits only that on or about August 6, 2002, Plaintiff claimed that he fell at work and injured his ankle, and that Leon spoke to Plaintiff about his failure to properly complete an injury report form, but denies all other allegations/implications contained in Paragraph 26.

27. As for the allegations contained in Paragraph 27 of the Complaint, Defendant admits only that on or about August 12, a memorandum regarding an OSHA recordable incident was distributed to all Manhattan locations and that said memorandum speaks for itself, but denies all other allegations/implications contained in Paragraph 27.

28. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint, so they are denied.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. As for the allegations contained in Paragraph 30 of the Complaint, Defendant admits only that Plaintiff went to work during the blackout in August of 2003, that Plaintiff used

his cell phone to process reservations, and that Plaintiff was among those commended for his efforts, but denies all other allegations/implications contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint, so they are denied.

35. As for the allegations contained in Paragraph 35 of the Complaint, Defendant admits only in August of 2005, Defendant gave Plaintiff his annual performance evaluation, that Siracusa gave Plaintiff the evaluation, and that said evaluation speaks for itself. Defendant denies all other allegations/implications contained in Paragraph 35.

36. As for the allegations contained in Paragraph 36 of the Complaint, Defendant admits only that on or about August 19, 2005, Siracusa sent an email regarding issuance of certificates and that the email speaks for itself, but denies all other allegations/implications contained in Paragraph 36.

37. As for the allegations contained in Paragraph 37 of the Complaint, Defendant admits only that in October and November of 2005, Plaintiff forwarded appraisals of his subordinates to Siracusa, but denies all other allegations/implications contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. As for the allegations contained in Paragraph 40 of the Complaint, Defendant admits only that in January of 2006, Defendant deducted two (2) personal days from Plaintiff's leave bank, but denies all other allegations/implications contained in Paragraph 40.

41. Defendant admits the allegations contained in the first two sentences of Paragraph 41 of the Complaint. As for the allegations contained in the third sentence of Paragraph 41, Defendant admits only that in March of 2006, Plaintiff's driving privileges were reduced to a mid-size car, but denies all other allegations/implications contained in that sentence. Defendant denies all other allegations/implications contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. As for the allegations contained in Paragraph 43 of the Complaint, Defendant admits that in 2006 Plaintiff, like other Station Managers, was instructed to attend court appearances for alleged fire suppression violations and assumed responsibility for ordering supplies for his branch, but denies all other allegations/implications contained in Paragraph 43.

44. As for the allegations contained in Paragraph 44 of the Complaint, Defendant admits only that on or about April 19, 2006, Siracusa found unsecured PID items at Plaintiff's location, that Siracusa counseled Plaintiff regarding this issue, and that following Siracusa's visit Plaintiff called Duvally and alleged that Siracusa harassed him during his visit, but denies all other allegations/implications contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. As for the allegations contained in Paragraph 47 of the Complaint, Defendant admits only that on May 7, 2006, Plaintiff sent Seavey an email that speaks for itself, but denies all other allegations/implications contained in Paragraph 47.

48. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint, so they are denied.

49. As for the allegations contained in Paragraph 49 of the Complaint, Defendant admits only that on May 18, 2006, Duvally met with Plaintiff to discuss concerns regarding Plaintiff's job performance and violation of Defendant's policies, but denies all other allegations/implications contained in Paragraph 49.

50. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint, so they are denied.

51. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Complaint, so they are denied.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. As for the allegations contained in Paragraph 53 of the Complaint, Defendant admits only that it gave Plaintiff a letter of warning that outlined Plaintiff's substandard performance, but denies all other allegations/implications contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint, so they are denied.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. As for the allegations contained in Paragraph 57 of the Complaint, Defendant admits only that after Plaintiff's transfer Plaintiff was replaced by a white female who had not previously managed a Manhattan location, but denies all other allegations/implications contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. As for the allegations contained in Paragraph 60 of the Complaint, Defendant

admits only that it had a Shape Period in September of 2006, but denies all other allegations/implications contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. As for the allegations contained in Paragraph 62 of the Complaint, Defendant admits only that Plaintiff was invited to observe Rivera's evaluation session. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff had knowledge or information that Rivera often slept while on the job and/or was the subject of multiple complaints by customers, so those allegations are denied. Defendant also denies all other allegations/implications contained in Paragraph 62.

63. As for the allegations contained in Paragraph 63 of the Complaint, Defendant admits only that Plaintiff was not invited to attend an award luncheon in December of 2006, but denies all other allegations/implications contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. As for the allegations contained in Paragraph 66 of the Complaint, Defendant admits only that Plaintiff received a poor performance review in December of 2006, but denies all other allegations/implications contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. As for the allegations contained in Paragraph 69 of the Complaint, Defendant admits only that Plaintiff was not promoted to a position above Branch Manager, but denies all other allegations/implications contained in Paragraph 69.

70. Hertz denies the allegations contained in Paragraph 70 of the Complaint.

71. Hertz denies the allegations contained in Paragraph 71 of the Complaint.

72. Hertz denies the allegations contained in Paragraph 72 of the Complaint.

73. Hertz denies the allegations contained in Paragraph 73 of the Complaint.

74. Hertz admits the allegations contained in Paragraph 74 of the Complaint.

75. Hertz denies the allegations contained in Paragraph 75 of the Complaint.

76. Hertz denies the allegations contained in Paragraph 76 of the Complaint.

77. Hertz denies the allegations contained in Paragraph 77 of the Complaint.

78. Hertz denies the allegations contained in Paragraph 78 of the Complaint.

**Race Discrimination in Violation of Title VII of the Civil Rights Act**

79. Defendant repeats, reiterates, and realleges its responses and denials contained in Paragraphs numbered "1" through "78" with the same force and effect as if set forth more fully herein.

80. Hertz denies the allegations contained in Paragraph 80 of the Complaint.

81. Hertz denies the allegations contained in Paragraph 81 of the Complaint.

82. Hertz denies the allegations contained in Paragraph 82 of the Complaint.

83. Hertz denies the allegations contained in Paragraph 83 of the Complaint.

84. Hertz denies the allegations contained in Paragraph 84 of the Complaint.

85. Hertz denies the allegations contained in Paragraph 85 of the Complaint.

86. Hertz denies the allegations contained in Paragraph 86 of the Complaint.

87. Hertz denies the allegations contained in Paragraph 87 of the Complaint.

88. Hertz denies the allegations contained in Paragraph 88 of the Complaint.

89. Hertz denies the allegations contained in Paragraph 89 of the Complaint.

90. Hertz denies the allegations contained in Paragraph 90 of the Complaint.

**Race Discrimination in Violation of N.Y. Executive Law §296**

91. Defendant repeats, reiterates, and realleges its responses and denials contained in Paragraphs numbered "1" through "90" with the same force and effect as if set forth more fully herein.

92. Hertz denies the allegations contained in Paragraph 92 of the Complaint.

93. Hertz denies the allegations contained in Paragraph 93 of the Complaint.

94. Hertz denies the allegations contained in Paragraph 94 of the Complaint.

95. Hertz denies the allegations contained in Paragraph 95 of the Complaint.

96. Hertz denies the allegations contained in Paragraph 96 of the Complaint.

97. Hertz denies the allegations contained in Paragraph 97 of the Complaint.

98. Hertz denies the allegations contained in Paragraph 98 of the Complaint.

99. Hertz denies the allegations contained in Paragraph 99 of the Complaint.

100. Hertz denies the allegations contained in Paragraph 100 of the Complaint.

101. Hertz denies the allegations contained in Paragraph 101 of the Complaint.

102. Hertz denies the allegations contained in Paragraph 102 of the Complaint.

**Race Discrimination in Violation of the N.Y. City Administrative Code §8-107**

103. Defendant repeats, reiterates, and realleges its responses and denials contained in Paragraphs numbered "1" through "102" with the same force and effect as if set forth more fully herein.

104. Hertz denies the allegations contained in Paragraph 104 of the Complaint.

105. Hertz denies the allegations contained in Paragraph 105 of the Complaint.

106. Hertz denies the allegations contained in Paragraph 106 of the Complaint.

107. Hertz denies the allegations contained in Paragraph 107 of the Complaint.

108. Hertz denies the allegations contained in Paragraph 108 of the Complaint.

109. Hertz denies the allegations contained in Paragraph 109 of the Complaint.

110. Hertz denies the allegations contained in Paragraph 110 of the Complaint.

111. Hertz denies the allegations contained in Paragraph 111 of the Complaint.

112. Hertz denies the allegations contained in Paragraph 112 of the Complaint.

113. Hertz denies the allegations contained in Paragraph 113 of the Complaint.

114. Hertz denies the allegations contained in Paragraph 114 of the Complaint.

**Title VII of the Civil Rights Act – Retaliation**

115. Defendant repeats, reiterates, and realleges its responses and denials contained in Paragraphs numbered "1" through "114" with the same force and effect as if set forth more fully herein.

116. Hertz denies the allegations contained in Paragraph 116 of the Complaint.

117. Hertz denies the allegations contained in Paragraph 117 of the Complaint.

118. Hertz denies the allegations contained in Paragraph 118 of the Complaint.

119. Hertz denies the allegations contained in Paragraph 119 of the Complaint.

120. Hertz denies the allegations contained in Paragraph 120 of the Complaint.

121. Hertz denies the allegations contained in Paragraph 121 of the Complaint.

122. Hertz denies the allegations contained in Paragraph 122 of the Complaint.

123. Hertz denies the allegations contained in Paragraph 123 of the Complaint.

124. Hertz denies the allegations contained in Paragraph 124 of the Complaint.

**N.Y. Executive Law §296 – Retaliation**

125. Defendant repeats, reiterates, and realleges its responses and denials contained in Paragraphs numbered "1" through "124" with the same force and effect as if set forth more fully herein.

126. Hertz denies the allegations contained in Paragraph 126 of the Complaint.

127. Hertz denies the allegations contained in Paragraph 127 of the Complaint.

128. Hertz denies the allegations contained in Paragraph 128 of the Complaint.

129. Hertz denies the allegations contained in Paragraph 129 of the Complaint.

130. Hertz denies the allegations contained in Paragraph 130 of the Complaint.

131. Hertz denies the allegations contained in Paragraph 131 of the Complaint.

132. Hertz denies the allegations contained in Paragraph 132 of the Complaint.

133. Hertz denies the allegations contained in Paragraph 133 of the Complaint.

**N.Y. City Administrative Code – Retaliation**

134. Defendant repeats, reiterates, and realleges its responses and denials contained in Paragraphs numbered "1" through "133" with the same force and effect as if set forth more fully herein.

135. Hertz denies the allegations contained in Paragraph 135 of the Complaint.

136. Hertz denies the allegations contained in Paragraph 136 of the Complaint.

137. Hertz denies the allegations contained in Paragraph 137 of the Complaint.

138. Hertz denies the allegations contained in Paragraph 138 of the Complaint.

139. Hertz denies the allegations contained in Paragraph 139 of the Complaint.

140. Hertz denies the allegations contained in Paragraph 140 of the Complaint.

141. Hertz denies the allegations contained in Paragraph 141 of the Complaint.

142. Hertz denies the allegations contained in Paragraph 142 of the Complaint.

**42 USC §1981**

143. Defendant repeats, reiterates, and realleges its responses and denials contained in Paragraphs numbered "1" through "142" with the same force and effect as if set forth more fully herein.

144. Defendant admits the allegations contained in Paragraph 144 of the Complaint.

145. Hertz denies the allegations contained in Paragraph 145 of the Complaint.

146. Hertz denies the allegations contained in Paragraph 146 of the Complaint.

147. Hertz denies the allegations contained in Paragraph 147 of the Complaint.

148. Paragraph 148 contains a demand for jury trial that requires neither admission nor denial by Defendant, but to the extent that said paragraph implies that Plaintiff is in any way entitled to any relief in this matter, said claims are denied.

149. The remainder of the Complaint contains a demand for judgment that requires neither admission nor denial by Defendant, but to the extent that said demand implies that Defendant violated any federal, state, city or common law, or violated any duty owed to or now owing Plaintiff, or that Plaintiff is in any way entitled to the relief he seeks, said implications are denied.

150. Defendant denies each allegation of the Complaint not expressly admitted herein.

**First Defense**

Plaintiff has failed to state a claim upon which relief may be granted.

**Second Defense**

Some or all of the Complaint is barred by applicable statutes of limitations.

**Third Defense**

To the extent that Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain his claims, or failed to exhaust administrative remedies, such claims are barred.

**Fourth Defense**

Any employment action that Defendant took with respect to Plaintiff was undertaken for legitimate, non-discriminatory business reasons wholly unrelated to Plaintiff's race, or any alleged protected activity. Accordingly, Plaintiff's recovery is barred.

**Fifth Defense**

Defendant acted reasonably and in good faith, without malice or ill-will toward Plaintiff, at all times material herein, based on all relevant facts and circumstances known by Defendant at the time it so acted. Accordingly, Plaintiff is barred from recovery in this action.

**Sixth Defense**

Plaintiff's claims for economic damages should be barred or limited by any after-acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds.

**Seventh Defense**

Any monetary relief Plaintiff claims is due for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned, or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff.

**Eighth Defense**

To the extent that Plaintiff has failed to mitigate any damages he has allegedly suffered, Plaintiff's damage claims must be reduced.

**Ninth Defense**

At all times relevant to this matter, Defendant took reasonable steps to prevent and/or correct any harassment, discrimination and/or retaliation in the workplace. In addition, Plaintiff unreasonably failed to take advantage of the preventive or corrective measures provided by Defendant or to otherwise avoid harm.

**Tenth Defense**

Plaintiff's right to recover compensatory and punitive damages is limited by and subject to the provisions of 42 U.S.C. § 1981a(b).

**Eleventh Defense**

Defendant made reasonable, good faith efforts to comply with the law and such efforts preclude recovery of punitive damages in this matter.

**Twelfth Defense**

Plaintiff has asserted no facts which would support punitive damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., or 42 U.S.C. § 1981a(b)(1) or the New York City Human Rights Law. Therefore, Plaintiff has failed to state a claim upon which relief can be granted for punitive damages.

**Thirteenth Defense**

To the extent Plaintiff's race or any alleged protected activity played any part in the decisions about which Plaintiff complains, which Defendant expressly denies, the same decisions would have been made regardless of Plaintiff's race or alleged protected activities.

**Fourteenth Defense**

Plaintiff's claims are barred because (1) the Defendant established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors; and (2) the Defendant has a record of no prior incidents of discriminatory conduct by such employees, agents or independent contractors.

**Fifteenth Defense**

To the extent Plaintiff was subject to any harassing, discriminatory and/or retaliatory conduct, Defendant did not encourage, condone or acquiesce in such conduct.

**Sixteenth Defense**

Defendant did not have notice or knowledge of any allegedly discriminatory, harassing and/or retaliatory conduct.

Defendant reserves the right to assert further appropriate defenses as they become evident through discovery and investigation.

WHEREFORE, Defendant The Hertz Corporation denies each and every allegation of Plaintiff's Complaint except as expressly admitted or qualified above. Judgment should be entered on Plaintiff's Complaint in favor of Defendant and Plaintiff's Complaint should be dismissed with prejudice and Plaintiff should be required to pay the costs of the suit, as well as

attorneys' fees, incurred by Defendant in defending against Plaintiff's claims and such other relief as the Court may deem just and proper.

New York, New York
May 19, 2008

EPSTEIN BECKER & GREEN, P.C.

By: ______________________
Kenneth W. DiGia
250 Park Avenue
New York, New York 10177-1211
Tel. No. (212) 351-4500
Fax No. (212) 878-8610

- and –

Frank B. Shuster, Esq.
Timothy R. Newton, Esq.
Constangy, Brooks & Smith, LLC
230 Peachtree Street, NW, Suite 2400
Atlanta, Georgia 30303
Motion for Admission Pro Hac Vice to be filed

Attorneys for Defendant
The Hertz Corporation